# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| DEANDRIA CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 10-CV-02586 |
| v. | ) | |
| | ) | Judge Joan H. Lefkow |
| ADVENTIST HEALTH SYSTEM, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

DeAndria Campbell filed suit against Adventist Health System[1] ("Adventist") alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e) *et. seq.*[2] Before the court is Adventist's motion to dismiss Campbell's race discrimination claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Adventist's motion [#8] is granted.

## BACKGROUND

The following facts are taken from the complaint and are presumed true for the purpose of resolving the pending motions. Campbell, an African American female, was employed by Adventist at its Hinsdale Hospital location from March 8, 2006 until her termination on December 30, 2009. Campbell began working as a Data Entry Clerk at an hourly wage of $12.25 and received two pay increases in the course of her employment. On May 29, 2007,

---

[1]Adventist refers to itself as Adventist Hinsdale Hospital, while Campbell refers to it as Adventist Health System. Adventist Hinsdale Hospital is listed as a corporation in good standing with the Illinois Secretary of State: http://www.ilsos.gov/corporatellc/CorporateLlcController. The plaintiff should ascertain the identity of the proper defendant and amend her complaint accordingly as needed.

[2] The court has jurisdiction under 28 U.S.C §§ 1331 and 1343(a)(3). Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) because the events giving rise to Campbell's claims occurred in this District.

Campbell received a satisfactory performance evaluation and an increased hourly pay rate of $12.75, and on July 7, 2008, she received a second adequate performance evaluation and an increased hourly pay rate of $13.21.

Soon after, however, her evaluations changed. On July 8, 2009, Campbell became aware that Adventist Lab Manager Justin Jandritis had made disparaging remarks about her because of her race. She reported Jandritis's conduct to multiple Adventist employees, including Outreach Manager Jane Johnson, Team Lead Natalie Angion, and Jandritis, but Adventist took the position that her complaint had no merit. Campbell claims that Jandritis then retaliated against her for complaining of race discrimination. On July 29, 2009, Jandritis placed Campbell on probation and gave her a work improvement plan. He asserted that Campbell was not performing satisfactorily since she used the work telephone and Internet for personal use during work hours, lacked focus on the job, made errors in her registration duties, and did not maintain an appropriate workload. Jandritis also disciplined Campbell on August 18, 2009 because of an alleged registration error.

As a result of this discrimination and retaliation, Campbell experienced increased anxiety such that she consulted her personal physician, who on September 18, 2009 prescribed medication and advised her to take medical leave from work. Adventist placed her on leave for one month under the Family Medical Leave Act. On October 1, 2009, Campbell saw her physician a second time and was given permission to return to work on a part-time basis since her condition had improved. Campbell claims that upon her return to work she was held to the same productivity standards of a full-time employee and consequently received negative feedback regarding her work performance.

Campbell's medical condition worsened, and on November 2, 2009, her physician advised her not to return to work until her anxiety was under control. When she ultimately returned on or around December 10, 2009, Campbell claims that she was again held to expectations beyond her medical capacity. Campbell was then terminated on December 30, 2009 for allegedly making an increased number of errors in her registration duties.

Campbell filed her initial charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 30, 2009, alleging only retaliation.[3] The particulars of the charge stated:

> I began my employment with Respondent on March 08, 2006. My current position is Data Entry Clerk. On July 13, 2009, I complained of a protected activity. On July 29, 2008 I was disciplined. I believe that I have been discriminated against for engaging in a protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended.

Pl.'s Ex. A. She filed a second charge of discrimination with the EEOC on January 4, 2010, again alleging only retaliation. The particulars of the charge stated:

> I began my employment with Respondent on or about March 8, 2006. My most recent position was Data Entry Clerk. On or about July 30, 2009, I filed a charge of discrimination with the EEOC (Charge # 440-2009-06043). Subsequently, on or about December 30, 2009, I was discharged. I believe I have been retaliated against for engaging in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Pl.'s Ex. B. The EEOC issued a right to sue letter on January 25, 2010. Pl.'s Ex. C.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on a 12(b)(6) motion,

---

[3] Campbell submitted the charges with her complaint, and the court may take judicial notice of these public documents without converting Adventist's motion to dismiss into a motion for summary judgment. *See Henson* v. *CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir.1994).

the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002). In order to survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of the claim's basis, but must also establish that the requested relief is plausible on its face. *Ashcroft* v. *Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *see also Bell Atl.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

## DISCUSSION

"Generally, a plaintiff may not bring claims under Title VII that were not originally included in the charges made to the EEOC." *Sitar* v. *Ind. Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003). The purposes of this rule are to give the EEOC the chance to settle a dispute before a lawsuit is filed and to put an employer on notice of all charges being brought against it. *Id.* Thus, when a plaintiff's EEOC charge does not explicitly include a claim that is later brought in a formal complaint, that claim may only come into court if it is "like or reasonably related to the allegations of the [EEOC] charge or growing out of the charge." *Gawley* v. *Ind. Univ.*, 276 F.3d 301, 313 (7th Cir. 2001); *see also Cheek* v. *W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) ("[A]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge.").

Campbell's race discrimination claim is not like or reasonably related to her allegations of retaliation in her EEOC charges, nor does the claim grow out of these allegations. As a matter of law, "retaliation and discrimination are unrelated" and a "charge of one generally cannot support a civil suit for the other." *Lamas* v. *Freeman Decorating Co.*, 37 F. Supp. 2d 1105, 1106

(N.D. Ill. 1999) (citations omitted).  Additionally, Campbell checked only the box labeled "retaliation" on both of her EEOC charges, leaving the box indicating discrimination based on "race" blank, and then failed to allege any facts referencing or implying race discrimination. Campbell's first charge alleged generally that she was disciplined for complaining of a protected activity in violation of Title VII, but made no mention that she had complained of race discrimination specifically.  Similarly, Campbell's second charge claimed only that she was discharged for filing a charge of discrimination with the EEOC and contained no allegations relating to race discrimination.  Thus, Campbell's broad allegations of retaliation cannot be found to encompass a claim of race discrimination.  *See Steffen* v. *Meridian Life Ins. Co.*, 859 F.2d 534, 544 (7th Cir. 1988) (allegations of age discrimination did not encompass claim of retaliation where EEOC charge made "no mention of retaliation or any other words to that effect."); *see also Nair* v. *Bank of Am. Ill.*, 991 F. Supp. 940, 955 (N.D. Ill. 1997) ("The gist of a retaliation claim is that the employer lashed out against an employee for exercising a right (here, the filing of discrimination charges), not out of animosity for [her] race or national origin."). Accordingly, Campbell's race discrimination claim falls outside the scope of her EEOC charges and her complaint fails to state a claim upon which relief may be granted.

## CONCLUSION AND ORDER

For the foregoing reasons, Adventist's motion to dismiss plaintiff's claim of race discrimination [#8] is granted.  Campbell represents that she has filed a charge of race discrimination with the EEOC and has requested a Notice of Right to Sue.  Plaintiff may seek

leave to file an amended complaint once her administrative remedy has been exhausted.  This case will be called for a status hearing on November 9, 2010 at 8:30.


Dated: October 8, 2010                    Enter:  _____
                                                  JOAN HUMPHREY LEFKOW
                                                  United States District Judge